PAUL J. GILMORE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gilmore v. Commissioner
Docket No. 13358-88
United States Tax Court
T.C. Memo 1989-626; 1989 Tax Ct. Memo LEXIS 626; 58 T.C.M. (CCH) 739; T.C.M. (RIA) 89626; November 21, 1989
Victor Chini, for the petitioner. John D. Steele, Jr., for the respondent. PETERSON
MEMORANDUM OPINION PETERSON, Chief Special Trial Judge: [1] Respondent issued a notice of deficiency on April 4, 1988, for the taxable year 1983. A petition was filed on June 13, 1988. In the petition it was alleged that the notice of deficiency was issued in error since petitioners had settled their tax dispute with respondent at the audit level and paid the tax, additions to tax, and interest. Petitioner also alleged in his petition that he was entitled to an award of litigation costs. Respondent admitted in his answer that no tax or additions to tax were due and that interest was paid through November 18, 1987. Respondent denied *627 that petitioner was entitled to an award of litigation costs. On May 25, 1989, pursuant to a stipulation for entry of decision executed by the parties, the Court entered its decision showing no deficiency, overpayment or additions to tax. On July 7, 1989, the decision was vacated and filed as a stipulation of settlement. On July 7, 1989, petitioner filed a motion for litigation costs pursuant to section 7430, Internal Revenue Code of 1986. On September 1, 1989, respondent filed a response to petitioner's motion. Respondent agrees petitioner is entitled to an award of litigation costs, but disagrees as to the amount claimed. Respondent contends that petitioner has charged an excessive hourly rate and has claimed an unreasonable amount of time for the services performed. Petitioner has claimed an award for litigation costs in the amount of $ 6,278.75. This amount is comprised of 45.75 hours at $ 125.00 per hour, or a total of $ 5,718.75, for petitioner's attorney Victor Chini, and 7 hours at $ 80.00 per hour, or a *628 total of $ 560, for attorney Robert Germaine. Mr. Germaine was retained by Mr. Chini to prepare the motion for award of litigation costs. We agree with respondent that petitioner's claim for litigation costs is unreasonable. We note that respondent admitted the allegations of the petition in his answer. Since there were no substantive matters in dispute, we fail to understand the need for petitioner's extensive efforts to resolve this case. Simply, it was only necessary to file a petition and, at the most, some effort to prepare and file a stipulation for entry of decision. Petitioner claims 10 hours to prepare the petition. Although 10 hours of time to prepare the petition appears to be more than ample, we will allow 10 hours as claimed. Petitioner claimed 17.2 hours for review of respondent's answer, telephone conferences with petitioner, reviewing Tax Court Rules, telephone conference with respondent's counsel, preparation and meeting with appeals office, and review of Tax Court decision. We fail to see the need for all of this legal activity. Petitioner spent over three hours reviewing a single one-page answer and over five hours preparing for an appellate conference *629 which does not appear to have been necessary. After a review of the various charges, we find that petitioner is entitled to five hours for these supplemental matters. Petitioner also claims 18.75 hours of time for research and preparation of the motion for litigation costs on the part of Mr. Chini and an additional seven hours on the part of Mr. Germaine. This is clearly a duplication of time. We allow seven hours for research and preparation of the motion on behalf of Mr. Germaine and three hours for preparation of the necessary affidavits attached to the motion on behalf of Mr. Chini. Based on the above, we find that petitioner is entitled to an award of litigation costs based on 25 hours of legal services at a reasonable rate. Petitioner claims $ 125 per hour for Mr. Chini and $ 80 per hour for Mr. Germaine. Pursuant to section 7430(c)(1)(A), we find that petitioner is entitled to litigation costs for attorney fees at a rate of $ 75 per hour plus an adjustment for cost of living. Cassuto v. Commissioner, 93 T.C. 256, 271-274 (1989). Based on the consumer price index for the period involved the cost of living adjustment approximates 30 percent. See Cassuto v Commissioner, supra. *630 Accordingly, petitioner is entitled to litigation costs for attorney services performed by Mr. Chini in the amount of $ 1,755.00 based on 18 hours at $ 97.50 per hour and for attorney services of Mr. Germaine in the amount of $ 560, the amount claimed by petitioner based on an hourly rate of $ 80. Although not claimed, petitioner is entitled to receive the Tax Court filing fee of $ 60. Section 7430(c)(1)(A)(i). Based on the above, petitioner is entitled to an award for litigation costs in the amount of $ 2,375.00. For the reasons set forth above, Petitioner's motion for litigation costs will be granted in part and denied in part. Footnotes
1. This case was assigned to Chief Special Trial Judge Peterson↩ for purposes of ruling on petitioner's Motion for Litigation Costs.